2009 OK CR 6

**Erik Christopher NILSEN, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. M–2007–285.**

Court of Criminal Appeals of Oklahoma.

Feb. 27, 2009.

190

Kevin Buchanan, Bartlesville, OK, attorney for defendant at trial.

Shelley Clemens, Assistant District Attorney, Bartlesville, OK, attorney for the State at trial.

Kevin Buchanan, Bartlesville, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Amelia Recla, Assistant Attorney General, Oklahoma City, OK, attorneys for the State on appeal.

### SUMMARY OPINION

C. JOHNSON, Presiding Judge.

¶1 Appellant, Erik Christopher Nilsen, was convicted after a non-jury trial in Washington County District Court, Case No. CM–2005–415, of Possession of a Controlled Substance, Marijuana (Count I), Unlawful Possession of Paraphernalia (Count II), Transporting an Open Container of Beer (Count III) and Driving Under Suspension (Count IV). The trial court sentenced Appellant to one year in county jail with all but twenty days suspended and imposed a $200.00 fine on Count I, a $100.00 fine on Count II, a $50.00 fine on Count III and a $150.00 fine on Count IV. It is from this Judgment and Sentence that Appellant appeals to this Court.

¶2 Appellant raises the following proposition of error:

1. The stop of Appellant's vehicle was not based on the reasonable suspicion that Appellant was engaged in criminal activity.

¶3 After thorough consideration of the proposition, and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we reverse Mr. Nilsen's Judgment and Sentence.

¶4 The record reflects that on July 15, 2005, an Oklahoma State Trooper received a call from dispatch advising him that someone had called and reported that they had seen a person drinking a beer while driving. The caller described the car, its general location, and gave the tag number. The Trooper radi-

oed a Washington County Deputy Sheriff and relayed this same information to him. The Deputy Sheriff located the vehicle described and stopped it based solely on the information given to him by the Trooper. The Deputy observed no traffic violation or other sign of criminal activity. In fact, at trial, the Deputy testified that he observed no traffic offense, no equipment failure or anything else that would have provided a basis for the stop. Based upon these facts, Appellant asks whether the information from the anonymous caller was sufficient to support the stop in this case. We say no.

¶ 5 Prior to trial Appellant filed a motion to suppress the evidence based upon the argument that the stop of his vehicle was unconstitutional as the Deputy who stopped him did so without reasonable suspicion that he was engaged in criminal activity. A hearing was held and Appellant's motion was subsequently overruled. Appellant argues on appeal that this ruling was in error. When reviewing the denial of a motion to suppress, we review the trial court's ruling for an abuse of discretion. *See Seabolt v. State*, 2006 OK CR 50, ¶ 5, 152 P.3d 235, 237.

¶ 6 A traffic stop is an investigatory detention which is analyzed according to the principles set forth in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *See United States v. Sanchez*, 519 F.3d 1208, 1212–13 (10th Cir.2008). "In order to conduct a lawful investigatory stop of a vehicle, the detaining officers must have, based on all the circumstances, 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *United States v. Leos–Quijada*, 107 F.3d 786, 792 (10th Cir.1997) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)).

¶ 7 A problem arises when the officer's suspicion of criminal activity is based not upon what he or she personally observed, but rather upon information provided by an informant. This is less of an issue when the tip comes from a known informant whose veracity may be assessed and who may be subject to legal repercussion for making false allegations. *See Adams v. Williams*, 407 U.S. 143, 146–47, 92 S.Ct. 1921, 1923–24, 32 L.Ed.2d 612 (1972). However, when, as in the case at bar, the tip comes from an unknown informant, the anonymous tip must be "sufficiently corroborated to furnish reasonable suspicion that respondent was engaged in criminal activity." *Alabama v. White*, 496 U.S. 325, 331, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301 (1990). In *White*, the sufficient corroboration came not from the informant's description of the respondent's car—this was merely a range of details that could have been known to anyone who observed the vehicle. Rather, the Supreme Court found it significant that the unknown informant was able to predict the respondent's future behavior demonstrating "inside information—a special familiarity with respondent's affairs." *Id.* at 332, 110 S.Ct. at 2417. "When significant aspects of the caller's predictions were verified, there was reason to believe not only that the caller was honest but also that he was well informed, at least well enough to justify the stop." *Id.*

¶ 8 While the Supreme Court later classified *White* as a "close case", they affirmed its ruling in *Florida v. J.L.*, 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). However, in *J.L.*, where the unknown informant simply reported that a young black male standing at a particular bus stop and wearing a plaid shirt was carrying a gun, the Court held that this information lacked even the moderate indicia of reliability present in *White*. The Court found it significant that "[t]he anonymous call concerning J.L. provided no predictive information and therefore left the police without means to test the informant's knowledge or credibility." *Id.* at 271, 120 S.Ct. at 1379. While the Court acknowledged that the caller had provided an accurate description of the subject's "readily observable location and appearance" which helped the police identify the accused, it noted that "[s]uch a tip, however, does not show that the tipster has knowledge of concealed criminal activity. The reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person." *Id.* at 272, 120 S.Ct. at 1379. Thus, the Court found in *J.L.* that the anonymous tip lacked

sufficient indicia of reliability to justify the initial stop.

¶ 9 We find similarly in the present case. The record reflects that the Deputy who stopped Appellant did so entirely in reliance on the information called in by the anonymous informant.[1] Because the informant was anonymous, the law enforcement officials had no means of assessing his or her reliability and there was no threat of criminal repercussion in case of false accusation. Further, the informant provided only identifying information and included nothing—not even predictive information—to sufficiently corroborate the allegation of criminal activity. Thus, the anonymous tip lacked sufficient indicia of reliability to justify the initial stop and accordingly, the Deputy did not have, based on all the circumstances, a particularized and objective basis for suspecting Appellant of criminal activity. This seizure was unconstitutional as it violated the protections of the Fourth Amendment and the trial court abused its discretion in denying Appellant's motion to dismiss.

## DECISION

¶ 10 The Judgment and Sentence of the district court is **REVERSED** with instructions to **DISMISS**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2009), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

A. JOHNSON, V.P.J., LUMPKIN, CHAPEL and LEWIS, JJ.: concur.

---

1. If the Deputy had observed Appellant engage in any criminal activity or commit a traffic violation, he could have lawfully stopped Appellant. *Dufries v. State*, 2006 OK CR 13, ¶ 9, 133 P.3d 887, 889 (Court cited *Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996) for the proposition that "where an officer has probable cause to believe a traffic violation has occurred, his subjective motivation for stopping the vehicle is irrelevant to the legality of the stop.").