OSCN Found Document:STATE v. ALBA

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE v. ALBA
2015 OK CR 2
Case Number: S-2014-175
Decided: 01/16/2015
STATE OF OKLAHOMA, Appellant, v. VERONICA MCLAINA ALBA, Appellee.

Cite as: 2015 OK CR 2, __ __

 

JOHNSON, JUDGE:
¶1 Appellee Veronica McLaina Alba was charged with Driving a Motor Vehicle 
While Under the Influence of Alcohol in violation of 47 O.S.2011, § 11-902(A)(2), in Rogers County 
District Court, Case Number CM-2013-574. Alba filed a motion to suppress and a 
hearing was held on this motion on February 4, 2014. The district court judge 
did not rule on the motion at that time but took the matter under advisement. On 
February 11, 2014, Judge Terrell S. Crosson granted Alba's motion to suppress. 
Appellant, the State of Oklahoma, appeals the suppression order. We exercise 
jurisdiction pursuant to 22 O.S.2011, § 1053, reverse the district 
court's suppression order, and remand for further proceedings. 
BACKGROUND
¶2 Around 4:00 p.m. on July 16, 2013, Claremore Police Lieutenant Steve Cox 
received a call from dispatch advising him of a possibly intoxicated driver. 
Dispatch told Lieutenant Cox that a concerned citizen called and reported that 
she had seen a woman at a mobile home park who appeared to be intoxicated get 
into a black SUV and start driving. The caller, who identified herself and gave 
dispatch her telephone number, reported that she observed the woman walk face 
first into a light pole before she got into her vehicle, that the woman was 
swaying and having a hard time keeping her eyes open, and that the woman was 
rolling something in her hands that could have been drugs. The caller described 
her own vehicle as a maroon SUV and told dispatch that she was following the 
black SUV. When Lieutenant Cox located the black SUV he noted that it was being 
followed by a maroon SUV. The woman in the maroon SUV caught Cox's attention and 
pointed at the black SUV. Cox stopped the black SUV based upon the information 
given to dispatch by the caller. He did not observe the driver of the black SUV 
commit any traffic violations.
¶3 Alba argued in the motion to suppress that the evidence against her was 
"fruit of the poisonous tree" because the stop was unlawful and violated her 
constitutional right to be free from unreasonable searches and seizures. The 
district court agreed, sustaining the motion to suppress. The State appeals the 
district court's order sustaining Alba's motion to suppress raising the sole 
issue of whether error occurred when the district court suppressed the evidence 
obtained during the investigatory stop. Title 22 O.S.2011, § 1053(5) provides that the 
State may appeal, "[u]pon a pretrial order, decision, or judgment suppressing or 
excluding evidence where appellate review of the issue would be in the best 
interests of justice." We find that the State's appeal is proper and review of 
this issue is in the best interests of justice. See State v. Thomas, 
2014 OK CR 12, ¶ 3, 334 P.3d 941, 943.
DISCUSSION
¶4 The State contends that the stop of Alba's vehicle was not an unreasonable 
seizure in violation of the Fourth Amendment to the United States Constitution 
and argues that the district court erroneously granted Alba's motion to 
suppress. When reviewing a trial court's ruling on a motion to suppress evidence 
based on a complaint of an illegal search and seizure, this Court defers to the 
trial court's findings of fact unless they are not supported by competent 
evidence and are therefore clearly erroneous. Seabolt v. State, 
2006 OK CR 50, ¶ 5, 152 P.3d 235, 237. We review the trial court's legal 
conclusions based on those facts de novo. Id.
¶5 Both the United States and Oklahoma Constitutions guarantee the right to 
be free from unreasonable searches and seizures. U.S. Const. amend. IV; Okla. 
Const. art. 2, § 30. Although Fourth Amendment protections extend to brief 
investigatory stops of persons or vehicles that fall short of traditional 
arrest, Terry v. Ohio, 392 U.S. 1, 9, 88 S.Ct. 1868, 1873, 20 L.Ed.2d 889 
(1968), the police are allowed to conduct brief investigative stops if the 
officer possesses "reasonable suspicion to believe that criminal activity 'may 
be afoot.'" United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750, 
151 L.Ed.2d 740 (2002). Reasonable suspicion for an investigatory stop may be 
based on information supplied by another person, and not solely upon an 
officer's personal observation. Adams v. Williams, 407 U.S. 
143, 
147, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972).
¶6 The district court's decision to grant Alba's motion to suppress was made 
in reliance on this Court's ruling in Nilsen v. State, 2009 OK CR 6, 203 P.3d 189. In Nilsen, an officer who observed 
no traffic violation stopped a vehicle based upon the tip of an anonymous caller 
that the person operating the vehicle was drinking a beer while driving. This 
Court found that the seizure was unconstitutional, reasoning as follows:


Because the informant was anonymous, the law enforcement officials had no 
means of assessing his or her reliability and there was no threat of criminal 
repercussion in case of false accusation. Further, the informant provided only 
identifying information and included nothing--not even predictive 
information--to sufficiently corroborate the allegation of criminal activity. 
Thus, the anonymous tip lacked sufficient indicia of reliability to justify the 
initial stop and accordingly, the Deputy did not have, based on all the 
circumstances, a particularized and objective basis for suspecting Appellant of 
criminal activity.
Nilsen, 2009 OK CR 
6, 
¶ 9, 203 P.3d at 192.
¶7 Subsequent to this Court's ruling in Nilsen, the United States 
Supreme Court addressed a similar circumstance in Navarette v. 
California, __ U.S. __, 134 S.Ct. 1683, 188 L.Ed.2d 680 (2014). In 
Navarette, where the police officer conducted an investigatory stop of a 
vehicle based upon the 911 call of an anonymous citizen, the Supreme Court found 
that the stop complied with the Fourth Amendment because, under the totality of 
the circumstances, the officer had reasonable suspicion to believe that the 
driver was intoxicated. Several factors contributed to this conclusion: (1) the 
caller gave sufficient details to claim eyewitness knowledge of the alleged 
dangerous driving; (2) the timeline of events supported the conclusion that the 
report was made contemporaneous with the observed criminal conduct; (3) the 
caller's use of the 911 emergency system provided some safeguards against the 
making of a false report; and (4) the behavior reportedly observed by the 
caller, when viewed from the standpoint of an objectively reasonable police 
officer, provided reasonable suspicion of drunk driving. Id. 134 S.Ct. at 
1689-90.
¶8 The circumstances supporting the conclusion that the investigative stop in 
this case was based upon reasonable suspicion of criminal activity are more 
compelling than those articulated in Navarette. As in Navarette, 
the caller in this case gave sufficient details to claim eyewitness knowledge. 
The behavior the caller observed and reported provided reasonable suspicion that 
Alba was driving while intoxicated. Furthermore, the timeline of events 
supported the conclusion that the report was made contemporaneous with the 
observed criminal conduct; not only did the caller report Alba's alleged drunk 
driving shortly after Alba got into her vehicle and started driving, the caller 
followed Alba as she drove and pointed her out to Lieutenant Cox when he 
responded to the dispatch. Finally, while use of the 911 emergency system to 
report illegal activity can be a significant factor in reducing the possibility 
of false report, it was not a significant factor in the present case because the 
caller was not anonymous. The caller gave dispatch her name and telephone number 
and described her own vehicle as well as Alba's vehicle. The caller then 
followed Alba in the vehicle the caller had described to dispatch and made eye 
contact with Lieutenant Cox when he located Alba, thus allowing Cox the 
opportunity to identify the caller.
¶9 "The 'reasonable suspicion' necessary to justify such a stop 'is dependent 
upon both the content of the information possessed by police and its degree of 
reliability.'" Navarette, 134 S.Ct. at 1687, quoting Alabama v. 
White, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). Under the 
totality of the circumstances, there were sufficient indicia of reliability in 
this case to provide Lieutenant Cox with reasonable suspicion that the driver of 
the reported vehicle was driving while intoxicated. These circumstances 
justified the investigative stop. To the extent that Nilsen v. State, 
2009 OK CR 6, 203 P.3d 189 is inconsistent with Navarette and 
with the opinion in this case, it should be overruled.[1] The district court's 
order granting the motion to suppress should be reversed and the matter remanded 
for further proceedings. 
DECISION
¶10 The Order of the District Court of February 11, 2014, sustaining Alba's 
motion to suppress evidence is REVERSED and the matter REMANDED 
for further proceedings. Pursuant to Rule 3.15, Rules of the Oklahoma 
Court of Criminal Appeals, Title 22, Ch.18, App. (2015), the MANDATE 
is ORDERED issued upon delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF ROGERS COUNTY
THE 
HONORABLE TERRELL S. CROSSON, SPECIAL JUDGE


 
 
 
 APPEARANCES AT TRIAL
 
 APPEARANCES ON APPEAL
 
 
 BRETT CHAPMAN ASSISTANT DISTRICT ATTORNEY
200 S. LYNN RIGGS 
 BLVD.
CLAREMORE, OK 74017
ATTORNEY FOR STATE
 
 BRETT CHAPMAN ASSISTANT DISTRICT ATTORNEY
200 S. LYNN RIGGS 
 BLVD.
CLAREMORE, OK 74017
ATTORNEY FOR 
 APPELLANT
 
 
 JEFFREY A. PRICE ATTORNEY AT LAW
400 S. MUSKOGEE 
 AVE.
CLAREMORE, OK 74017
ATTORNEY FOR DEFENDANT
 
 JEFFREY A. PRICE
ATTORNEY AT LAW
400 S. MUSKOGEE 
 AVE.
CLAREMORE, OK 74017
ATTORNEY FOR 
 APPELLEE
OPINION BY: JOHNSON, J.
SMITH, P.J.: Concur
LUMPKIN, V.P.J.: 
Concur
LEWIS, J.: Concur in Part and Dissent in Part
FOOTNOTES
[1] Alba argues that because 
state constitutions can provide greater protection of individual liberties than 
that provided by the United States Constitution, this Court should not follow 
the United States Supreme Court's ruling in Navarette but instead should 
continue to follow our own prior ruling in Nilsen. Article II, § 30 of 
the Oklahoma Constitution and the Fourth Amendment to the United States 
Constitution contain almost identical language and are, in substance, identical 
in the rights protected. Alba has provided no persuasive reason why we should 
not follow the Supreme Court's Fourth Amendment jurisprudence.




LEWIS, J.: CONCUR IN PART/DISSENT IN PART
¶1 I concur in much of the rationale utilized by the majority, except I must 
point out that the trial court made erroneous findings of fact in reaching its 
conclusion. I dissent to the majority's conclusion that this Court's earlier 
decision in Nilsen v. State, 2009 OK CR 6, 203 P.3d 189, need be overruled to any extent. 
¶2 A foundational principle in the litany of United States Supreme Court 
cases discussing Terry[1] type stops is that these types of cases must be decided 
on a case by case basis, examining the totality of the circumstances, 
i.e. "the whole picture," to determine whether an officer has reasonable 
suspicion necessary to justify a stop. Navarette v. California, 572 U.S. 
___, 134 S.Ct. 1683, 1687, 188 L.Ed.2d 680 (2014); United States v. 
Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). The 
totality of the circumstances includes the source of information utilized to 
justify the stop and the degree of reliability of the information. 
Navarette, 134 S.Ct. at 1687. As pointed out by the majority opinion, 
even a tip from an anonymous source may, when viewed in light of the totality of 
the circumstances, exhibit sufficient indicia of reliability to provide 
reasonable suspicion to make the investigatory stop. See Alabama v. 
White, 496 U.S. 325, 332, 110 S.Ct. 2412, 2417, 110 L.Ed.2d 301 (1990). 

¶3 This standard was utilized in Nilsen where this court held that an 
anonymous tip, standing alone, and without sufficient corroboration, was 
insufficient, under the totality of the circumstances, to provide reasonable 
suspicion to make the investigatory stop. In that case, the details given by the 
anonymous caller were not sufficient to support a reasonable suspicion that a 
crime was being committed. Thus, our decision in Nilsen, holding that the 
stop was not justified, was correct.[2]
¶4 The facts of this case are distinguishable from the facts of 
Nilsen. When the facts of this case are judged under the same standard, a 
different result is required. The facts of the present case present a much 
stronger case supporting a reasonable suspicion. 
¶5 Here the trial court improperly identified the information as coming from 
an anonymous informant. On the contrary, this informant stayed in the area 
allowing themselves to be identified by the responding officer, which reduced 
the possibility that the information was false. The caller also left a name and 
cell phone number, which, combined with the caller's actions, indicate 
authenticity, rather than deception. The caller's actions did not reflect a 
desire to remain anonymous, thus the information given can be viewed as more 
reliable than the information coming from a totally anonymous source.
¶6 Thus, after a proper analysis of the source of the information under the 
totality of the circumstances so eloquently outlined in the Court's Opinion, the 
stop in this case was properly based on sufficient indicia of reliability to 
provide reasonable suspicion to make the investigatory stop.
¶7 As I find that there are no inconsistencies between Nilsen and the 
opinion in this case, there is no need to overrule any aspect of Nilsen. 
The trial court in this case simply erred in suppressing the evidence. 

FOOTNOTES
[1] Terry v. Ohio, 
392 
U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). 
[2] The same conclusion was reached in Lunsford v. 
State, 1982 OK CR 
168, 652 P.2d 
1243, where an uncorroborated anonymous tip was insufficient, under the 
totality of the circumstances, to provide reasonable suspicion for a stop. 
See Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 
(2000)(holding that a bare-bones anonymous tip lacking any corroboration could 
not provide a reasonable suspicion for the stop). 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2006 OK CR 50, 152 P.3d 235, SEABOLT v. STATE
Discussed
 2009 OK CR 6, 203 P.3d 189, NILSEN v. STATE
Discussed at Length
 2014 OK CR 12, 334 P.3d 941, STATE v. THOMAS
Discussed
 1982 OK CR 168, 652 P.2d 1243, LUNSFORD v. STATE
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-902, Persons Under the Influence of Alcohol or Other Intoxicating Substance or Combination Thereof
Cited