OSCN Found Document:STATE v. ALBA

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE v. ALBA
2015 OK CR 2
Case Number: S-2014-175
Decided: 01/16/2015
STATE OF OKLAHOMA, Appellant, v. VERONICA MCLAINA ALBA, Appellee.
Cite as: 2015 OK CR 2, __ __

 


OPINION


JOHNSON, JUDGE:
¶1 Appellee Veronica McLaina Alba was charged with Driving a Motor Vehicle While Under the Influence of Alcohol in violation of 47 O.S.2011, § 11-902(A)(2), in Rogers County District Court, Case Number CM-2013-574. Alba filed a motion to suppress and a hearing was held on this motion on February 4, 2014. The district court judge did not rule on the motion at that time but took the matter under advisement. On February 11, 2014, Judge Terrell S. Crosson granted Alba's motion to suppress. Appellant, the State of Oklahoma, appeals the suppression order. We exercise jurisdiction pursuant to 22 O.S.2011, § 1053, reverse the district court's suppression order, and remand for further proceedings.
BACKGROUND
¶2 Around 4:00 p.m. on July 16, 2013, Claremore Police Lieutenant Steve Cox received a call from dispatch advising him of a possibly intoxicated driver. Dispatch told Lieutenant Cox that a concerned citizen called and reported that she had seen a woman at a mobile home park who appeared to be intoxicated get into a black SUV and start driving. The caller, who identified herself and gave dispatch her telephone number, reported that she observed the woman walk face first into a light pole before she got into her vehicle, that the woman was swaying and having a hard time keeping her eyes open, and that the woman was rolling something in her hands that could have been drugs. The caller described her own vehicle as a maroon SUV and told dispatch that she was following the black SUV. When Lieutenant Cox located the black SUV he noted that it was being followed by a maroon SUV. The woman in the maroon SUV caught Cox's attention and pointed at the black SUV. Cox stopped the black SUV based upon the information given to dispatch by the caller. He did not observe the driver of the black SUV commit any traffic violations.
¶3 Alba argued in the motion to suppress that the evidence against her was "fruit of the poisonous tree" because the stop was unlawful and violated her constitutional right to be free from unreasonable searches and seizures. The district court agreed, sustaining the motion to suppress. The State appeals the district court's order sustaining Alba's motion to suppress raising the sole issue of whether error occurred when the district court suppressed the evidence obtained during the investigatory stop. Title 22 O.S.2011, § 1053(5) provides that the State may appeal, "[u]pon a pretrial order, decision, or judgment suppressing or excluding evidence where appellate review of the issue would be in the best interests of justice." We find that the State's appeal is proper and review of this issue is in the best interests of justice. See State v. Thomas, 2014 OK CR 12, ¶ 3, 334 P.3d 941, 943.
DISCUSSION
¶4 The State contends that the stop of Alba's vehicle was not an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution and argues that the district court erroneously granted Alba's motion to suppress. When reviewing a trial court's ruling on a motion to suppress evidence based on a complaint of an illegal search and seizure, this Court defers to the trial court's findings of fact unless they are not supported by competent evidence and are therefore clearly erroneous. Seabolt v. State, 2006 OK CR 50, ¶ 5, 152 P.3d 235, 237. We review the trial court's legal conclusions based on those facts de novo. Id.
¶5 Both the United States and Oklahoma Constitutions guarantee the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Okla. Const. art. 2, § 30. Although Fourth Amendment protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest, Terry v. Ohio, 392 U.S. 1, 9, 88 S.Ct. 1868, 1873, 20 L.Ed.2d 889 (1968), the police are allowed to conduct brief investigative stops if the officer possesses "reasonable suspicion to believe that criminal activity 'may be afoot.'" United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002). Reasonable suspicion for an investigatory stop may be based on information supplied by another person, and not solely upon an officer's personal observation. Adams v. Williams, 407 U.S. 143, 147, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972).
¶6 The district court's decision to grant Alba's motion to suppress was made in reliance on this Court's ruling in Nilsen v. State, 2009 OK CR 6, 203 P.3d 189. In Nilsen, an officer who observed no traffic violation stopped a vehicle based upon the tip of an anonymous caller that the person operating the vehicle was drinking a beer while driving. This Court found that the seizure was unconstitutional, reasoning as follows:
Because the informant was anonymous, the law enforcement officials had no means of assessing his or her reliability and there was no threat of criminal repercussion in case of false accusation. Further, the informant provided only identifying information and included nothing--not even predictive information--to sufficiently corroborate the allegation of criminal activity. Thus, the anonymous tip lacked sufficient indicia of reliability to justify the initial stop and accordingly, the Deputy did not have, based on all the circumstances, a particularized and objective basis for suspecting Appellant of criminal activity.
Nilsen, 2009 OK CR 6, ¶ 9, 203 P.3d at 192.
¶7 Subsequent to this Court's ruling in Nilsen, the United States Supreme Court addressed a similar circumstance in Navarette v. California, __ U.S. __, 134 S.Ct. 1683, 188 L.Ed.2d 680 (2014). In Navarette, where the police officer conducted an investigatory stop of a vehicle based upon the 911 call of an anonymous citizen, the Supreme Court found that the stop complied with the Fourth Amendment because, under the totality of the circumstances, the officer had reasonable suspicion to believe that the driver was intoxicated. Several factors contributed to this conclusion: (1) the caller gave sufficient details to claim eyewitness knowledge of the alleged dangerous driving; (2) the timeline of events supported the conclusion that the report was made contemporaneous with the observed criminal conduct; (3) the caller's use of the 911 emergency system provided some safeguards against the making of a false report; and (4) the behavior reportedly observed by the caller, when viewed from the standpoint of an objectively reasonable police officer, provided reasonable suspicion of drunk driving. Id. 134 S.Ct. at 1689-90.
¶8 The circumstances supporting the conclusion that the investigative stop in this case was based upon reasonable suspicion of criminal activity are more compelling than those articulated in Navarette. As in Navarette, the caller in this case gave sufficient details to claim eyewitness knowledge. The behavior the caller observed and reported provided reasonable suspicion that Alba was driving while intoxicated. Furthermore, the timeline of events supported the conclusion that the report was made contemporaneous with the observed criminal conduct; not only did the caller report Alba's alleged drunk driving shortly after Alba got into her vehicle and started driving, the caller followed Alba as she drove and pointed her out to Lieutenant Cox when he responded to the dispatch. Finally, while use of the 911 emergency system to report illegal activity can be a significant factor in reducing the possibility of false report, it was not a significant factor in the present case because the caller was not anonymous. The caller gave dispatch her name and telephone number and described her own vehicle as well as Alba's vehicle. The caller then followed Alba in the vehicle the caller had described to dispatch and made eye contact with Lieutenant Cox when he located Alba, thus allowing Cox the opportunity to identify the caller.
¶9 "The 'reasonable suspicion' necessary to justify such a stop 'is dependent upon both the content of the information possessed by police and its degree of reliability.'" Navarette, 134 S.Ct. at 1687, quoting Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). Under the totality of the circumstances, there were sufficient indicia of reliability in this case to provide Lieutenant Cox with reasonable suspicion that the driver of the reported vehicle was driving while intoxicated. These circumstances justified the investigative stop. To the extent that Nilsen v. State, 2009 OK CR 6, 203 P.3d 189 is inconsistent with Navarette and with the opinion in this case, it should be overruled.[1] The district court's order granting the motion to suppress should be reversed and the matter remanded for further proceedings.
DECISION
¶10 The Order of the District Court of February 11, 2014, sustaining Alba's motion to suppress evidence is REVERSED and the matter REMANDED for further proceedings. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2015), the MANDATE is ORDERED issued upon delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF ROGERS COUNTY
THE HONORABLE TERRELL S. CROSSON, SPECIAL JUDGE
 
 
 
 
APPEARANCES AT TRIAL 
 
APPEARANCES ON APPEAL 
 
 
BRETT CHAPMAN ASSISTANT DISTRICT ATTORNEY 200 S. LYNN RIGGS BLVD. CLAREMORE, OK 74017 ATTORNEY FOR STATE 
 
BRETT CHAPMAN ASSISTANT DISTRICT ATTORNEY 200 S. LYNN RIGGS BLVD. CLAREMORE, OK 74017 ATTORNEY FOR APPELLANT 
 
 
JEFFREY A. PRICE ATTORNEY AT LAW 400 S. MUSKOGEE AVE. CLAREMORE, OK 74017 ATTORNEY FOR DEFENDANT 
 
JEFFREY A. PRICE ATTORNEY AT LAW 400 S. MUSKOGEE AVE. CLAREMORE, OK 74017 ATTORNEY FOR APPELLEE 

OPINION BY: JOHNSON, J.
SMITH, P.J.: Concur
LUMPKIN, V.P.J.: Concur
LEWIS, J.: Concur in Part and Dissent in Part

FOOTNOTES

[1] Alba argues that because state constitutions can provide greater protection of individual liberties than that provided by the United States Constitution, this Court should not follow the United States Supreme Court's ruling in Navarette but instead should continue to follow our own prior ruling in Nilsen. Article II, § 30 of the Oklahoma Constitution and the Fourth Amendment to the United States Constitution contain almost identical language and are, in substance, identical in the rights protected. Alba has provided no persuasive reason why we should not follow the Supreme Court's Fourth Amendment jurisprudence.
 
 


LEWIS, J.: CONCUR IN PART/DISSENT IN PART
¶1 I concur in much of the rationale utilized by the majority, except I must point out that the trial court made erroneous findings of fact in reaching its conclusion. I dissent to the majority's conclusion that this Court's earlier decision in Nilsen v. State, 2009 OK CR 6, 203 P.3d 189, need be overruled to any extent.
¶2 A foundational principle in the litany of United States Supreme Court cases discussing Terry[1] type stops is that these types of cases must be decided on a case by case basis, examining the totality of the circumstances, i.e. "the whole picture," to determine whether an officer has reasonable suspicion necessary to justify a stop. Navarette v. California, 572 U.S. ___, 134 S.Ct. 1683, 1687, 188 L.Ed.2d 680 (2014); United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). The totality of the circumstances includes the source of information utilized to justify the stop and the degree of reliability of the information. Navarette, 134 S.Ct. at 1687. As pointed out by the majority opinion, even a tip from an anonymous source may, when viewed in light of the totality of the circumstances, exhibit sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop. See Alabama v. White, 496 U.S. 325, 332, 110 S.Ct. 2412, 2417, 110 L.Ed.2d 301 (1990).
¶3 This standard was utilized in Nilsen where this court held that an anonymous tip, standing alone, and without sufficient corroboration, was insufficient, under the totality of the circumstances, to provide reasonable suspicion to make the investigatory stop. In that case, the details given by the anonymous caller were not sufficient to support a reasonable suspicion that a crime was being committed. Thus, our decision in Nilsen, holding that the stop was not justified, was correct.[2]
¶4 The facts of this case are distinguishable from the facts of Nilsen. When the facts of this case are judged under the same standard, a different result is required. The facts of the present case present a much stronger case supporting a reasonable suspicion.
¶5 Here the trial court improperly identified the information as coming from an anonymous informant. On the contrary, this informant stayed in the area allowing themselves to be identified by the responding officer, which reduced the possibility that the information was false. The caller also left a name and cell phone number, which, combined with the caller's actions, indicate authenticity, rather than deception. The caller's actions did not reflect a desire to remain anonymous, thus the information given can be viewed as more reliable than the information coming from a totally anonymous source.
¶6 Thus, after a proper analysis of the source of the information under the totality of the circumstances so eloquently outlined in the Court's Opinion, the stop in this case was properly based on sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop.
¶7 As I find that there are no inconsistencies between Nilsen and the opinion in this case, there is no need to overrule any aspect of Nilsen. The trial court in this case simply erred in suppressing the evidence.

FOOTNOTES

[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

[2] The same conclusion was reached in Lunsford v. State, 1982 OK CR 168, 652 P.2d 1243, where an uncorroborated anonymous tip was insufficient, under the totality of the circumstances, to provide reasonable suspicion for a stop. See Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000)(holding that a bare-bones anonymous tip lacking any corroboration could not provide a reasonable suspicion for the stop).





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2006 OK CR 50, 152 P.3d 235, SEABOLT v. STATE
Discussed
 2009 OK CR 6, 203 P.3d 189, NILSEN v. STATE
Discussed at Length
 2014 OK CR 12, 334 P.3d 941, STATE v. THOMAS
Discussed
 1982 OK CR 168, 652 P.2d 1243, LUNSFORD v. STATE
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-902, Persons Under the Influence of Alcohol or Other Intoxicating Substance or Combination Thereof
Cited