THOMPSON v. STATE
2025 OK CR 4
Case Number: F-2024-82
Decided: 02/13/2025
RODNEY VAUGHN THOMPSON, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2025 OK CR 4, __ __

 

 

SUMMARY OPINION

LUMPKIN, PRESIDING JUDGE:

¶1 Appellant, Rodney Vaughn Thompson, was tried by the court and convicted in the District Court of Canadian County, Case No. CF-2018-729 of: Count 1, Aggravated Trafficking in Illegal Drugs, in violation of 63 O.S.Supp.2018, § 2-41563 O.S.Supp.2018, § 2-41563 O.S.Supp.2018, § 2-401

¶2 From this judgment and sentence, Appellant appeals and raises the following proposition of error:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO QUASH ARREST, SUPPRESS EVIDENCE, AND DISMISS THE CHARGES.

¶3 After thorough consideration of this proposition and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that under the law and the evidence, Appellant is not entitled to relief.

¶4 In his sole proposition, Appellant contends the trial court abused its discretion in failing to grant his motion to suppress the evidence and dismiss the charges. He specifically argues Darin Morgan was "acting outside of his jurisdiction" at the time he stopped Appellant for speeding; therefore, his subsequent arrest and search of his vehicle violated the Fourth Amendment. At the time of the traffic stop, Morgan, a Norman police officer and District Attorney Investigator for District 21, was patrolling I-40 eastbound in Canadian County at the request of the Oklahoma Bureau of Narcotics.

When reviewing a trial court's ruling on a motion to suppress evidence based on a complaint of an illegal search and seizure, this Court defers to the trial court's findings of fact unless they are not supported by competent evidence and are therefore clearly erroneous. We review the trial court's legal conclusions based on those facts de novo.

State v. Alba, 2015 OK CR 2341 P.3d 91

¶5 The State presented its evidence against Appellant at preliminary hearing. Appellant moved to suppress the evidence based upon the same allegations he makes herein. The magistrate denied his motion as did the District Court. Thereafter, the trial court convicted Appellant at a bench trial. In making its decision, the trial court relied upon the preliminary hearing transcript, arguments of counsel and the facts as stipulated to by both parties.

¶6 These facts include the following. Morgan stopped Appellant for speeding based upon the results of the radar in his patrol car. As he approached the vehicle after Appellant pulled over, Morgan smelled the strong odor of raw marijuana. During Morgan's initial questioning of Appellant, his partner arrived and ran his drug dog around the vehicle. The dog alerted to the presence of drugs. Thereafter, Appellant admitted he had about fifty pounds of marijuana in the car. A search of the car revealed a large hockey bag and two smaller bags. Later, at Norman Police Department during the processing of the evidence, police discovered sixty-two pounds of marijuana, over 5,000 grams of methamphetamine and two hundred two Xanax tablets in the bags found in the vehicle.

¶7 Appellant does not allege Morgan lacked probable cause to stop him, that the stop was prolonged or that his statements were involuntary. His only allegation is that Morgan was acting outside his jurisdiction at the time he stopped Appellant on I-40; therefore, the subsequent arrest and search violated the Fourth Amendment. While Oklahoma has several statutes which address jurisdiction of law enforcement officers working in various capacities, these statutes do not affect the legality under the Fourth Amendment of the traffic stop and search at issue here.

¶8 This conclusion is informed by the United States Supreme Court decision in Virginia v. Moore, 553 U.S. 164 (2008). In Moore, the defendant was arrested for driving with a suspended license and, upon a search of his person, officers found crack cocaine and money. Id., 553 U.S. at 167. The defendant sought suppression of the evidence claiming it was obtained in violation of the Fourth Amendment because under Virginia law, he could not be arrested for driving under suspension and could have only received a traffic citation. Id. Because state law precluded his arrest, he reasoned that the search violated the Fourth Amendment because it could not be justified as one incident to a lawful arrest. Id., 553 U.S. at 168.

¶9 In rejecting the defendant's claim, the Court recounted a number of decisions in which it rejected the notion that the reasonableness of a search or seizure for purposes of the Fourth Amendment is dependent upon the law of the particular state. Moore, 553 U.S. at 171-74. As one example, the Court pointed out:

Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), held that police officers had acted reasonably in stopping a car, even though their action violated regulations limiting the authority of plainclothes officers in unmarked vehicles. We thought it obvious that the Fourth Amendment's meaning did not change with local law enforcement practices -- even practices set by rule. While those practices vary from place to place and from time to time, Fourth Amendment protections are not so variable and cannot be made to turn upon such trivialities.

Moore, 553 U.S. at 172 (internal quotations omitted). Ultimately, the Court noted that "linking Fourth Amendment protections to state law would cause them to vary from place to place and from time to time...." Id., 553 U.S. at 176.

¶10 The Court held that "warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution, and that while States are free to regulate such arrests however they desire, state restrictions do not alter the Fourth Amendment's protections." Moore, 553 U.S. at 176. The Court further found that, notwithstanding any impropriety under state law, the search of the defendant was incident to a "lawful arrest." Id. at 177. As explained by the Court:

"We have described this rule as covering any 'lawful arrest,' with constitutional law as the reference point. That is to say, we have equated a lawful arrest with an arrest based on probable cause: A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification."

Id., 553 U.S. at 177 (internal citations and quotations omitted)(emphasis in original).

¶11 The Tenth Circuit follows this reasoning. See Bowling v. Rector, 584 F.3d 956, 968 (10th Cir. 2009) ("For Fourth Amendment purposes, the conduct of officers acting in excess of their statutory authority must be tested by traditional Fourth Amendment standards . . ."); United States v. Gonzales, 535 F.3d 1174, 1183 (10th Cir. 2008) (where officers acted outside their jurisdiction in violation of Colorado law, their actions did not violate the Fourth Amendment because "[their] actions were based on an observed traffic violation, and [defendant] does not assert any facts other than the state-law violation that would make the stop unreasonable. Accordingly, the officers' actions, although in violation of Colorado law, did not rise to the level of a Fourth Amendment violation."); United States v. Mikulski, 317 F.3d 1228, 1232 (10th Cir. 2003) ("[O]fficers' violation of state law is not, without more, necessarily a federal constitutional violation."

¶12 This Court applied the Moore reasoning in an unpublished decision, Crawford Oliver Martin v. State, F-2013-538, December 4, 2014. In Martin, Appellant contended law enforcement's attempted traffic stop was illegal because the police officer's uniform did not meet statutory requirements. This Court found, "Martin's challenge to the adequacy of the officer's uniform is not relevant to a constitutional analysis. The reasonableness of a search or seizure is not dependent upon state law but is measured by constitutional law as the reference point." Id. (citing Virginia v. Moore, 553 U.S. 164, 177 (2008)). The Court affirmed Appellant's conviction and the denial of his motion to suppress on other grounds, determining that he abandoned his vehicle when he fled the scene of the attempted stop; therefore, any items seized from the vehicle were not subject to suppression.

¶13 In this case, the facts as stipulated to by the parties show that Morgan's stop of Appellant was legal: he stopped Appellant for speeding; Morgan smelled the strong odor of raw marijuana as he approached the vehicle; Morgan's partner arrived and ran his drug dog around the vehicle and the dog alerted to the presence of drugs; Appellant admitted he had about fifty pounds of marijuana in the car; and a search of the car revealed the presence of sixty-two pounds of marijuana, over 5,000 grams of methamphetamine and two hundred two Xanax tablets in the bags found in the vehicle.

¶14 As previously stated, Appellant does not challenge that Morgan had probable cause to stop him, or that the search of his vehicle was defective. The record demonstrates the traffic stop and search comported with the tenets of the Fourth Amendment. Accordingly, the trial court did not err in denying Appellant's motion to suppress. Appellant's sole proposition is denied.

DECISION

¶15 The Judgment and Sentence of the District Court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2025), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF CANADIAN
COUNTY, THE HONORABLE PAUL HESSE
DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 DOUGLAS PARR
 ATTORNEY AT LAW
 228 ROBERT S. KERR, #715
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR DEFENDANT

  
 
 
 APPEARANCES ON APPEAL

 JEREMY STILLWELL
 OIDS
 111 N. PETERS, STE. 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT

  
 
 
 
 
 AUSTIN MURREY
 ASST. DISTRICT ATTORNEY
 303 N. CHOCTAW
 EL RENO, OK 73036
 COUNSEL FOR STATE
 
 
 GENTNER F. DRUMMOND
 ATTORNEY GENERAL
 RANDALL YOUNG
 ASST. ATTORNEY GENERAL
 313 NE 21ST
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: LUMPKIN, P.J.
MUSSEMAN, V.P.J.: Concur
LEWIS, J.: Concur in Result
HUDSON, J.: Concur
ROWLAND, J.: Concur

 

 

LEWIS, JUDGE, CONCUR IN RESULT:

¶1 I concur in the holding that Appellant's motion to suppress was properly denied. Rather than rest the Court's holding on what appears to be an extension of Supreme Court holdings in different contexts, I would simply reject the essential premise of Appellant's Fourth Amendment argument by holding that the arresting officer acted within his statutory jurisdiction and therefore, even by Appellant's logic, could not have violated his rights by stopping him for the traffic violation which led to the discovery of his trafficking in illegal drugs.

¶2 Although Appellant focuses on the officer's direct employment with the Norman Police Department, the officer's task force assignment delegated by his superiors factors into his jurisdiction. A peace officer may enforce criminal laws statewide with the prior consent of the head of a state law enforcement agency. 21 O.S.Supp.2021, § 99a