STATE v. COUSAN



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE v. COUSAN

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE v. COUSAN
2019 OK CR 16
Case Number: S-2018-978
Decided: 08/15/2019
STATE OF OKLAHOMA, Appellant, v. WILLIAM LEE COUSAN, Appellee.
Cite as: 2019 OK CR 16, __ __

 

 

O P I N I O N

ROWLAND, JUDGE:

¶1 The State of Oklahoma charged Appellee William Lee Cousan by Amended Information in the District Court of Comanche County, Case No. CF-2016-635, with Illegal Drug Trafficking (Count 1), in violation of 63 O.S.Supp.2015, § 2-415, Unlawful Possession of Drug Paraphernalia (Count 2) (misdemeanor), in violation of 63 O.S.2011, § 2-405, and Unlawful Possession of a Firearm by a Convicted Felon (Count 3), in violation of 21 O.S.Supp.2014, § 1283. The State filed a Supplemental Information alleging two prior drug-related felony convictions for sentence enhancement of the alleged felonies. The magistrate bound Cousan over at preliminary hearing and thereafter he filed a motion to suppress all evidence seized from his person by the arresting officers as well as all statements he made to police.[1] He claimed that the police exceeded the scope of the search warrant by detaining him blocks away from the premises authorized to be searched and by searching his person during an investigative stop. The detention and search, he maintained, were neither incident to arrest nor incident to the search warrant issued for his motel room. Cousan argued that, under the totality of the circumstances, his detention and the resulting search of his person were unreasonable and unlawful. The Honorable Irma J. Newburn, District Judge, sustained Cousan's motion to suppress evidence taken from his person in open court, and the State announced its intent to appeal. Judge Newburn filed a written order one week later, sustaining the motion to suppress and dismissing the charge of Illegal Drug Trafficking. The State of Oklahoma filed the instant appeal of the district court's order, seeking review of two issues:

(1) whether the district court erred in ruling the search of Cousan was unreasonable; and

(2) whether the district court erred in ruling the search of Cousan was not a lawful search incident to a valid search warrant.

¶2 We reverse the district court's order for the reasons discussed below and remand this matter for further proceedings.

BACKGROUND

¶3 The Lawton Police Department received an anonymous tip, on October 26, 2016, that Cousan was selling crack cocaine out of a motel room at a local Motel 6. Detective Kimberly Morton set up a surveillance of the room and observed numerous people coming and going from Cousan's motel room. Lawton police officers stopped three people after they left the motel room, garnering more information about the activities going on inside the room. Det. Morton obtained a search warrant for the motel room based on all of this information.[2] She notified the other special operations officers, including the officers who had stayed behind to continue surveillance of the motel room, of the issuance of the search warrant and went about making preparations for executing it.

¶4 Lieutenant John Mull was one of the officers watching the motel room while Det. Morton secured the search warrant. Before Det. Morton returned to the motel with the search team, Lt. Mull observed Cousan exit the motel room and get into the passenger side of a brown pickup. There was no indication that Cousan was aware of the officers' presence or had any knowledge of the impending search. Lt. Mull watched the pickup leave the motel from his unmarked police car and enlisted the aid of Sergeant Christopher Adamson, who was driving a marked patrol car, to stop the pickup.[3] Lt. Mull followed Sgt. Adamson and observed him stop the pickup approximately eight blocks from the motel. It is unclear how many officers, who were also watching the motel, participated in the traffic stop in addition to Lt. Mull and Sgt. Adamson. According to Lt. Mull, Cousan exited the pickup, acting suspiciously as well as aggressively towards the officers, threatening to come after them. Cousan attempted to reach back into the truck and they feared he might have a gun based on information they had already obtained. Sgt. Adamson moved Cousan away from the pickup and searched his person. Sgt. Adamson pulled a Mentos container out of Cousan's pocket, containing "very large chunks of crack cocaine" weighing in excess of ten grams, and placed him under arrest. Meanwhile, Det. Morton and her team executed the search warrant on the empty motel room, finding a backpack containing a digital scale, the room receipt in Cousan's name, a gun, and a Mentos container with crack cocaine residue inside it. The district court found Cousan was unlawfully detained and searched prior to the execution of the search warrant on his motel room.

DISCUSSION

¶5 The State challenges the district court's order granting Cousan's suppression motion. We exercise jurisdiction under 22 O.S.2011, § 1053(5)[4] because the State's ability to prosecute Cousan on the felony drug trafficking charge is substantially impaired absent the suppressed evidence, making review appropriate. See State v. Strawn, 2018 OK CR 2, ¶ 18, 419 P.3d 249, 253. In reviewing a district court's ruling on a motion to suppress evidence based on an allegation the search or seizure was illegal, we credit the district court's findings of fact unless they are clearly erroneous. State v. Alba, 2015 OK CR 2, ¶ 4, 341 P.3d 91, 92. "However, we review de novo the magistrate's legal conclusions drawn from those facts." State v. Nelson, 2015 OK CR 10, ¶ 11, 356 P.3d 1113, 1117.

¶6 In Michigan v. Summers, 452 US. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), the Supreme Court held that officers executing a search warrant may detain the occupants of the premises while the warrant is served even without individualized reasonable suspicion or probable cause. The district court held that the search of Cousan's person could not be upheld as a search incident to the execution of a valid search warrant because the Summers rule only applies when the occupant is detained in the immediate vicinity of the premises to be searched. The State all but concedes this point on appeal and acknowledges the holding in Bailey v. United States, 568 U.S. 186, 202, 133 S.Ct. 1031, 1042-43, 185 L.Ed.2d 19 (2013) that a detention incident to the execution of a search warrant is spatially constrained and limited to the immediate vicinity of the premises to be searched.

¶7 We agree that Bailey controls here and thus the district court was correct in holding the detention and search of Cousan eight blocks from the motel could not be justified as incident to the execution of the search warrant. Because there was probable cause to arrest Cousan at the time of his detention, however, the search of his person was lawful as a search incident to arrest. Alternatively, even were probable cause not present, there was clearly reasonable suspicion to conduct an investigative detention while the warrant was executed, and thus his arrest and the search of his person fall within the inevitable discovery doctrine.

¶8 In Bailey, the Court noted that the "detention incident to search" is a categorical rule which allows the detention of persons without regard to individualized suspicion or probable cause to arrest.

In Summers, the Court defined an important category of cases in which detention is allowed without probable cause to arrest for a crime. It permitted officers executing a search warrant "to detain the occupants of the premises while a proper search is conducted." 452 U.S., at 705, 101 S.Ct. 2587. The rule in Summers extends farther than some earlier exceptions because it does not require law enforcement to have particular suspicion that an individual is involved in criminal activity or poses a specific danger to the officers. Muehler v. Mena, 544 U.S. 93, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005). In Muehler, applying the rule in Summers, the Court stated: "An officer's authority to detain incident to a search is categorical; it does not depend on the 'quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure.'" 544 U.S., at 98, 125 S.Ct. 1465 (quoting Summers, supra, at 705, n. 19, 101 S.Ct. 2587).

Bailey, 568 U.S. at 193, 133 S.Ct. at 1037--38. Thus, Summers categorically allows detaining one leaving a premises where a search warrant is about to be served, regardless of probable cause or reasonable suspicion, and Bailey limits the reach of that rule to the immediate vicinity of the premises.

¶9 The Bailey Court, however, went on to note that "[i]f officers elect to defer the detention until the suspect or departing occupant leaves the immediate vicinity, the lawfulness of detention is controlled by other standards, including, of course, a brief stop for questioning based on reasonable suspicion under Terry or an arrest based on probable cause." Id., 568 U.S. at 202; 133 S.Ct. at 1042. Indeed, upon remand the Second Circuit held that officers were justified in making an investigative stop of that suspect, independent of Bailey/Summers and its categorical rule.[5] United States v. Bailey, 743 F.3d 322, 337 (2d Cir. 2014). Such is the situation here. The officers not only had reasonable suspicion to detain Cousan just prior to the execution of the search warrant, but also probable cause to arrest him. When Lt. Mull directed Sgt. Adamson to stop the pickup occupied by Cousan, he was aware of the information that Cousan was selling crack cocaine from his motel room. Lt. Mull had personally participated in the surveillance of Cousan's motel room that day and was aware of the considerable number of people coming and going, a circumstance often associated with drug dealing. He was aware that Det. Morton had obtained a search warrant for the motel room based on the information gathered from the stakeout, including that Cousan possibly had a gun. Furthermore, Lt. Mull was familiar with Cousan from past dealings and recognized him getting into the pickup.

¶10 Perhaps most importantly, Det. Morton's affidavit for the search warrant named a woman arrested as she departed Cousan's motel room, and who told police she bought the crack cocaine discovered in her pocket from Cousan. "A named perpetrator who makes a statement against his own penal interest and identifies his accomplice is sufficient to establish probable cause." Matthews v. State, 2002 OK CR 16, ¶ 20, 45 P.3d 907, 916. Even Judge Newburn's Order suppressing the evidence noted that officers had amassed "evidence showing probable cause that the defendant was engaged in illegal activity...." Therefore, this is not a situation where officers, preparing to execute a search warrant, followed and detained a person leaving the target premises whom they did not know or whose connection to the crimes was unknown. On the contrary, these officers saw the named target of their investigation leave his rented motel room shortly before the execution of a valid search warrant, and the totality of the information in their possession amounted to probable cause to arrest him for the drug offenses. United States v. Anchondo, 156 F.3d 1043, 1045-46 (10th Cir. 1998) (finding search of suspect was valid as incident to arrest, where probable cause existed, even though officer did not intend to arrest but was conducting a Terry frisk).

¶11 The fact that the officers involved were proceeding under the belief that the search warrant also authorized the search of Cousan's person is of no moment since there was probable cause to arrest him at the time of the search and detention. A police officer's "[s]ubjective intentions play no role in ordinary probable-cause Fourth Amendment analysis." Dufries v. State, 2006 OK CR 13, ¶ 9, 133 P.3d 887, 889, (quoting Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996)). "If the police action could have been taken against an individual even absent the underlying intent or motivation, there is no conduct which ought to have been deterred and thus no reason to bring the Fourth Amendment exclusionary rule into play for purposes of deterrence." Johnson v. State, 2012 OK CR 5, ¶ 12, 272 P.3d 720, 726 (quoting 1 Wayne R. LaFave, Search and Seizure § 1.4(e) (4th ed. 2004)) (internal quotation marks omitted).

¶12 In the alternative, even if the totality of the circumstances known to the officers did not amount to probable cause to arrest him, there was certainly reasonable suspicion to detain him pending the execution of the warrant. See Terry v. Ohio, 392 U.S. 1, 21, 27, 88 S.Ct. 1868, 1880, 1883, 20 L.Ed.2d 889 (1968); Alba, 2015 OK CR 2, ¶ 5, 341 P.3d at 92. Even assuming the search of his person was unwarranted during this detention, in short order upon the execution of the search warrant and the finding of the drugs and gun in his motel room, Cousan would have then been arrested, searched incident to that arrest, and the evidence on his person would have inevitably been discovered. This was a point made in Bailey upon remand. "[W]e can conclude with a high level of confidence that, even without retention of Bailey's keys, police would have detained Bailey himself for the brief time it took to learn the results of the search of 103 Lake Drive; would have arrested Bailey upon discovery of drugs and a firearm in that premises; [and] would have searched him incident to that arrest...." Bailey, 743 F.3d at 339. See also Nix v. Williams, 467 U.S. 431, 444, 449-50, 104 S.Ct. 2501, 2509, 2512, 81 L.Ed.2d 377 (1984) (finding suspect's statement about location of victim's body was obtained in violation of his rights, but inevitable discovery doctrine applied where a search team had already been organized and was searching the same location as that identified by the suspect); Pennington v. State, 1995 OK CR 79, ¶ 42, 913 P.2d 1356, 1367 (holding even if suspect's statement identifying the location of a shotgun were suppressed, officers had probable cause to obtain a search warrant and would have inevitably discovered it).

¶13 The purpose of the exclusionary rule is to deter police misconduct. Its application should be reserved for instances "where its remedial objectives are thought most efficaciously served...that is, 'where its deterrence benefits outweigh its 'substantial social costs.'" Hudson v. Michigan, 547 U.S. 586, 591, 126 S.Ct. 2159, 2163, 165 L.Ed.2d 56 (2006) (internal citations omitted). Here, after receiving an anonymous tip of drug dealing at a local motel, officers corroborated the information sufficiently to develop probable cause that Cousan was selling cocaine from the motel room and to obtain a search warrant for the room. When Cousan left the motel room just prior to execution of the warrant, they had a marked police car effectuate a stop. Based in part upon their belief that the search warrant authorized searching him coupled with his aggressive behavior during the stop and information he might be armed, they took him into custody. All of these actions were reasonable, which is all the Fourth Amendment demands of police conduct.

¶14 Based upon the facts and circumstances known at the time of the stop, we find that the warrantless stop and detention of Cousan was reasonable, and that the search of his person was based upon probable cause to believe he was engaged in criminal activity. Exclusion of the drug evidence found in Cousan's pocket and statements made by him is not required.

DECISION

¶15 The ruling of the district court sustaining Cousan's Motion to Suppress is REVERSED and this case is REMANDED for further proceedings not inconsistent with this Opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT
OF COMANCHE COUNTY
THE HONORABLE IRMA J. NEWBURN, DISTRICT JUDGE

 
 
 
 APPEARANCES IN DISTRICT COURT
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 JILL OLIVER
 ASST. DISTRICT ATTORNEY
 315 S.W. 5TH ST.; SUITE 504
 LAWTON, OK 73501
 ATTORNEY FOR STATE
 
 
 FRED C. SMITH
 DISTRICT ATTORNEY
 JILL D. OLIVER
 ASST. DISTRICT ATTORNEY
 315 S.W. 5TH ST.; RM. 502
 LAWTON, OK 73501
 ATTORNEYS FOR STATE
 
 
 
 
 TERESSA WILLIAMS
 OKLAHOMA INDIGENT
 DEFENSE SYSTEM
 1309 W. GORE BLVD.
 LAWTON, OK 73501
 ATTORNEY FOR DEFENDANT
 
 
 JEREMY STILLWELL
 APPELLATE DEFENSE COUNSEL
 P. O. BOX 926
 NORMAN, OK 73070
 ATTORNEY FOR APPELLEE
 
 
 

 

OPINION BY: ROWLAND, J.
LEWIS, P.J.: Concur in Results
KUEHN, V.P.J.: Concur
LUMPKIN, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

[1] Although the magistrate bound Cousan over on a charge of Unlawful Possession of a Firearm During the Commission of a Felony, the prosecution dropped that charge in the Amended Information.

[2] Det. Morton requested permission to search the motel room and Cousan, but the warrant was directed at the motel room only.

[3] There was no evidence any officer observed any traffic violation that might have provided probable cause for the traffic stop. When asked the purpose of the traffic stop, Lt. Mull stated, "[b]ecause it was named in the warrant. We were conducting the search warrant and he was the subject part of the search warrant."

[4] Under Section 1053(5), the State may appeal "[u]pon a pretrial order, decision, or judgment suppressing or excluding evidence where appellate review of the issue would be in the best interests of justice[.]"

[5] Although ruling that the stop of Bailey was justified by reasonable suspicion regardless of his distance from the search warrant location, the court went on to hold that handcuffing him exceeded the lawful bounds of the Terry detention. Thus physical evidence obtained prior to handcuffing him was admissible, but statements made by him after he was handcuffed were erroneously admitted. Nevertheless, the court found the error harmless. Bailey, 743 F.3d at 339.

LEWIS, PRESIDING JUDGE, CONCURRING IN RESULTS:

¶1 I concur in the result reached in this case. The resolution of this case rests on the officer's probable cause to arrest Cousan at the time of his detention making the search proper as a search incident to arrest. A review of the trial court's ruling reveals that the trial court erred in failing to find that the officers had probable cause to arrest Cousan for distribution of a controlled dangerous substance.

¶2 Any remaining language in the opinion is unnecessary to the resolution of this case. In fact, the record does not support a conclusion that the good faith exception might apply. The good faith exception only applies where the officers have an objectively reasonable belief that their conduct is lawful. See United States v. Leon, 468 U.S. 897, 920-21, 104 S.Ct. 3405, 3419, 82 L.Ed. 2d 677 (1984); State v. Thomas, 2014 OK CR 12, ¶ 11, 334 P.3d 941, 945. The clear language of the warrant belies any reasonable belief that the search warrant allowed a search of Cousan outside the curtilage of the motel room.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1995 OK CR 79, 913 P.2d 1356, PENNINGTON v. STATE
Discussed
 2002 OK CR 16, 45 P.3d 907, MATTHEWS v. STATE
Discussed
 2006 OK CR 13, 133 P.3d 887, DUFRIES v. STATE
Discussed
 2012 OK CR 5, 272 P.3d 720, JOHNSON v. STATE
Discussed
 2014 OK CR 12, 334 P.3d 941, STATE v. THOMAS
Discussed
 2015 OK CR 2, 341 P.3d 91, STATE v. ALBA
Discussed at Length
 2015 OK CR 10, 356 P.3d 1113, STATE v. NELSON
Discussed
 2018 OK CR 2, 419 P.3d 249, STATE v. STRAWN
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1283, Convicted Felons and Delinquents
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Cited
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-405, Prohibited Acts E- Penalties
Cited
 63 O.S. 2-415, Applicability of Act - Unlawful Acts - Violations - Penalties
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA